LOUIS BARTHELEMY MACARTY v. JAMES ANTHONY GASQUET. THE SAME v. WILLIAM AMEDEE GASQUET.

Parol evidence is inadmissible to alter, modify, or contradict a written act of transfer of immovables or slaves, or to prove any agreement or stipulation beyond its contents, where there is no allegation of fraud, error or violence. C. C. 2256. But such evidence is admissible to prove that the adjudication price of real estate sold at auction, was paid to a creditor holding a mortgage on the property, and the manner of such payment.

The title of property sold at auction vests in the purchaser from the moment of the adjudication. C. C. 2586.

APPEALS from the District Court of the First District, *Buchanan*, J.

*L. Janin,* for the appellant.

*Roselius* and *L. Peirce,* contrâ.

SIMON, J.   The object of these two actions is to recover of the defendants, who were sued separately, the possession of two distinct lots of ground, with the buildings thereon erected, to which the plaintiff sets up title under a sale executed to him, by authentic act, by the assignee of the insolvent estate of Daniel T. Walden, the former owner thereof.   James A. Gasquet, the defendant in one of the suits, having disclaimed any title in himself to the lot sued for, but having alleged that the property was in William A. Gasquet, as whose agent he holds the same, the latter intervened to defend his title to it, and the two suits having been consolidated, they were tried as only one suit against William A. Gasquet, as sole defendant.

The title set up by the plaintiff to the two lots and buildings, is based on the allegations that he acquired them from the assignee of D. T. Walden, a bankrupt, by an act passed before a notary public, on the 1st February, 1843, in which he, plaintiff, was represented by Auguste Delassus, who had sufficient powers to buy for him the property upon which he, plaintiff, had special mortgages, if the same should be exposed at judicial sales.   That the same power of attorney, however, conferred no authority upon said Delassus to sell again property which he might thus acquire for account of said plaintiff; that notwithstanding said want of power, Auguste Delassus did sell, in the name of the petitioner, the said property to the defendant, by an act passed before Wm. Christy, a notary public, on the 10th of the same month; that said defendant was aware of the want of power of Delassus, and that the sale is not binding on the plaintiff.

The answer denies that the plaintiff is owner of the property sued for, and avers that the same was, with other property, purchased by him, defendant, at a sale of the bankrupt Walden's estate, made by order of the United States District Court, through A. S. Robertson, United States marshal, on the 14th of January, 1843.   He further alleges that, as there were mortgages on the property to the plaintiff for the amount of the purchase money thereof, and which Delassus, as the plaintiff's agent, was au-

thorised to receive, he did pay to him, through his said agent, the whole amount of said purchase money; that to guaranty and save harmless the respondent, on account of said payment of plaintiff's mortgage, he, plaintiff, through his said agent, made a conveyance to him of said property, though the same belonged to the respondent, who had never parted with the same, and covenanted, in case of difficulty, to return the amount so paid. He futher states, that Delassus had full power and authority to receive said amount on account of his principal; that the plaintiff never bought said property, nor paid for it, but that the proceeding had was a mere mode adopted, between the assignee and plaintiff's agent, to receive the amount of his mortgage, and in no manner impairs or invalidates the respondent's title to the same, under his *procès verbal,* which he pleads as a better and prior title; and that the transaction subsequent to the said adjudication, was within the scope of the power of plaintiff's agent, and cannot be annulled in part, so as to give to the plaintiff a property that neither he, nor his agent, ever bought or intended to buy; but that if it be annulled at all, it must be on re-payment to respondent, who would be liable to the United States Court therefor if said acts were unauthorised, by virtue of the adjudication made to him, and be compelled to pay again for the said property.

This controversy was submitted to a jury, who, after having received the charge of the court, (excepted to by the plaintiff's counsel,) found a verdict in favor of the defendant, W. A. Gasquet, and judgment having been rendered thereon by the court *a qua,* after overruling the plaintiff's motion for a new trial, the latter appealed.

The written evidence establishes these facts: 1st. The *procès verbal* of the adjudications, made at public auction by the marshal of the United States, of Daniel T. Walden's property, dated 14th of January, 1843, shows that the lots in controversy were sold and adjudicated to the defendant by the said marshal, for the aggregate amount of $12,950, payable *one-fifth cash, and the balance on a credit of twelve and eighteen months, for approved endorsed notes,* secured by mortgage. It is admitted in the record, that the property in dispute was mortgaged to the plain-

Macarty v. Casquet.

tiff to secure the amount of a note of $12,000, due by the insol-
vent. 2nd. That by a power of attorney, executed by plaintiff
to Delassus, by a notarial act passed on the 6th of August, 1840,
said Delassus is authorised, among other powers, to receive all
sums of money due, or which may become due to his principal,
"*par billets, obligations, jugemens, contrats, &c., et à quelqu'autre
titre que ce soit, &c., et d'acheter et acquérir en vente publique ou·
privée toutes propriétés qui seroient hypothéquées au constituant en
garantie des sommes à lui dues, et ce, aux prix, termes, clauses, et
conditions que les mandataires jugeront convenables.*" But he only
gives him the power to sell certain property therein described,
and does not authorize him to sell any property by him purchas-
ed for his principal in payment of the debts secured by mort-
gage, the amount of which he is authorised to receive. 3d.
That on the first of February, 1843, Walden's assignee, Wm.
Christy, sold to the plaintiff, the two lots in dispute, together
with other lots, for the sum of $12,950, payable according to
the terms of the adjudication, one-fifth cash, and the balance at
twelve and eighteen months credit, &c. ; said sale being made
to Delassus, as agent of the plaintiff, *in consequence of the pro-
perty therein described having been adjudicated, at public sale, to L.
B. Macarty, as the last and highest bidder thereon.* The aggre-
gate amount of the prices of all the lots sold in said act was
$35,450 00; but it is inserted in the act, that Macarty being the
holder and owner of certain promissory notes of the bankrupt,
amounting to $56,000, secured by first and special mortgage on
the property conveyed, he, the agent, instead of paying cash and
giving notes, has executed his bond in Macarty's name, for his
proportion of expenses, &c. 4th. That on the same day, the
plaintiff, through his agent, executed his bond to the assignee
for the whole amount of the sales, binding himself to account
for, and pay such proportion of the expenses and charges incur-
red in the sale, &c., but stipulating that the amount of his pur-
chases should be subject to his mortgage claims, &c. 5th. That
on the 10th of February, 1843, Delassus, as agent of Macarty,
sold to the two Gasquets, by separate notarial acts of sale, the
two lots in dispute, for the aggregate sum of $12,950, payable
*one-fifth cash, and the balance at twelve and eighteen months credit,*

*by endorsed notes.* The act recites that the sales are made with all legal warranties; that the property sold was purchased by the vendor from the assignee of the estate of D. T. Walden, a bankrupt, by act passed before H. B. Cenas, on the first of February inst., and is free from incumbrance ; and it stipulates that in case of eviction, the vendor shall not be bound to refund to the purchaser more than the amount for which the property is sold. 6th. That the conditions of the sale were faithfully complied with by the defendant, who paid in cash one-fifth of the purchase money, and gave his notes for the balance with an endorser, which notes were subsequently paid to Delassus. It is proper to remark, that the defendant's notes given for the four-fifths of the purchase money, are dated 14th January, 1843, the day of the adjudication made to him by the marshal, and are the same referred to in the deeds of sale from Delassus to him, executed on the 10th of February ensuing.

That it appears from the written evidence that the property in dispute was duly adjudicated by the United States marshal, to the defendant, at the public sale at auction, of the insolvent estate of D. T. Walden ; that the same was not adjudicated to the plaintiff; that the recital in the deed from the assignee to Macarty that the property had been adjudicated to the latter, is incorrect and unfounded ; that the defendant had complied with the terms and conditions of the sale as to giving his notes, on the very day of the adjudication ; that the sum payable in cash was not by him paid to the assignee, but was paid to Delassus, as mentioned in the acts ; that said notes were paid to Delassus, who receipted them as the agent of the plaintiff ; that said agent had no power to sell the property by him purchased for his principal, but had a right to receive the money proceeding from the sales made of property mortgaged to his said principal ; and that the defendant, in buying the lots from said Delassus, purchased his own property, the title being in him from the day of the adjudication, and there being no written proof of his ever having sold or transferred the same to the plaintiff.

But, in addition to the facts established by the documentary evidence, the defendant introduced parol evidence, and offered to prove by the testimony of divers witnesses, that the transfer of the adjudication made to the defendant, from said defendant

to the plaintiff, had been agreed upon for particular purposes, and that the acts purporting to be sales from Delassus, as agent of Macarty, to the Gasquets are not really sales, but only modes devised to procure to Macarty the payment of the mortgage debt due him by Walden. The testimony was objected to on the ground that it tended to vest and divest title to real estate, and also on the ground that it was an explanation of what happened before, at the time, and since the passing of the act. It was admitted by the court, and the plaintiff took a bill of exceptions.

On the question which grows out of this bill of exceptions, it is first proper to premise, that Delassus not being authorised to sell the property of his principal, the sales by him made to the defendant are mere nullities, and are not, as sales, in any manner binding upon Macarty. This, indeed, is the main basis of his action, as he seeks to set aside the sales made in his name by his agent, so as to avail himself of the transfer and conveyance made to him through the same agent, by Walden's assignee, and thereby to be able to recover the property. It cannot be denied that the defendant has acquired nothing from those sales, and that, therefore, said sales being considered as never having been made, the parties must stand upon their original adverse titles, to wit, the defendant on the adjudication made to him by the marshal, and the plaintiff on the transfer or sale made to him by the assignee; and this will give rise to a question of title, which we shall examine hereafter, without reference to any parol evidence.

There is no rule better known in our system of laws and jurisprudence, than that parol evidence cannot be received against or beyond what is contained in the acts, nor on what may have been said before, at the time of making them, or since. Civil Code, art. 2256. Thus, if parol evidence is offered to alter, vary, modify or contradict any part of the stipulations and recitals of a written act, or to prove agreements or stipulations beyond its contents, it is clear that it ought to be rejected, unless the proof offered has for its object to show a want of consent, and that such consent was given through fraud, error or violence, in those cases in which parol testimony is admitted. Here, no er-

ror or fraud is alleged; the transaction on the contrary appears to have been a *bona fide* one, particularly on the part of the defendant; and we think that the judge *a quo* erred, in admitting parol evidence to prove any fact relative to the original adverse titles of the parties, so as to show any change of titles by parol, or to vest or divest them in or from the property, and to give any explanation beyond the contents of the said acts.

But Delassus had a right to receive the proceeds of the sales of the property mortgaged to his principal. This was one of the powers conferred upon him. He did receive from the defendant the amount of the prices of the adjudications made to the latter; and as this fact of payment is independent of any written act, and has no tendency to weaken or destroy the effect of the parties' respective titles, particularly after considering the sales from Delassus to the defendant as never having been made, it seems to us that the parol evidence which was received to prove the payment, and the manner in which it was made to the agent, was properly admitted.

With this view of the question of evidence, we shall disregard all that part of the parol testimony which goes to show a change of title from the defendant to the plaintiff, and from said plaintiff to the defendant, or to contradict, vary or modify the contents of these respective deeds; but we shall enquire into the facts established by such testimony, in relation to the payment of the sum which the written evidence shows has been paid by the defendant to the plaintiff's agent, and into the legal effect of such payment on the rights of the plaintiff. Hence two principal questions will arise:

1st. Who has the best title to the property in dispute, as based upon the written acts produced by the parties respectively, and without any reference to the parol evidence?

2nd. How was the payment made by the defendant to Delassus, and is it binding upon the plaintiff?

I. It cannot be controverted that the title to the property in dispute vested in the defendant from the very moment of the adjudication. This adjudication was the completion of the sale. Gasquet had become the owner of the lots, (Civil Code, art. 2586. 13 La. 287. 19 Ib. 235,) and nothing could divest him of his

Macarty v. Gasquet.

title but a regular sale or transfer made by him to Macarty, or by another with his writen consent. Here, the assignee, however, for reasons which we are not bound legally to know or to notice, passed a deed of sale to Macarty of the very same lots which had been adjudicated to Gasquet, and pretended to give him a title based on the incorrect and unfounded fact of said lots having been adjudicated by the marshal to Macarty, as the last and highest bidder thereon. Gasquet was no party to the this act, and consequently is not bound thereby; and nothing proves (except the rejected parol evidence,) that he ever consented to the transfer by the assignee to the plaintiff, or that he had even any legal knowledge of it, except perhaps that, from the reference made to the last deed in the sales of Delassus to him, it may be said that he was enabled to ascertain it on looking at said deed. But those sales do not show on their face, that Gasquet knew of the recital of the adjudication made in the deed from the assignee to Macarty; and we have already said that said sales should be considered as never having been made. The parties, therefore, standing upon these original titles, it seems to us that it appears on their face that the assignee had no right to sell to Macarty; that Gasquet had not been divested of his title; that such title was still in him at the time of the assignee's deed; and that the plaintiff acquired nothing from said assignee. Gasquet was the owner of the lots and buildings, and this shows the incorrectness of the charge which the plaintiff's counsel requested the judge *a quo* to give to the jury, to wit, "that the effect of the assignee's bill of sale to Macarty, was such that up to the time of Delassus' sale to Gasquet, the property was at the risk of Macarty; that, in case of fire, the loss would have fallen upon him; and that a judicial mortgage by a creditor of Macarty, during that interval, would have affected the property." The court below properly refused to give said charge, as it is clear to our minds that Gasquet, never having been legally divested of his title, the property never ceased to be at his risk, and that no judicial mortgage against Macarty could have affected Gasquet's property. We are also of opinion that the charge of the court *a qua*, which was excepted to by the plaintiff's counsel, to wit, "that the adjudication at a public

sale, passes the title; that the assignee cannot afterwards make the deed to a third person, to the prejudice of the person to whom it was adjudicated, without the consent of the latter, but that such consent will divest his rights, &c.," is perfectly correct and sound.

II. We have already remarked that the defendant, in compliance with the terms and conditions of the sale, gave his notes, dated the very day of the adjudication; that those notes passed into the hands of Delassus, as Macarty's agent; that they were paid to him; and that said agent also received the amount which was to be paid in cash. Thus Delassus, who was empowered to receive the amount coming to Macarty from the sale of the property in extinguishment of the mortgage of his principal, was acting within the scope of his authority; and, without its being necessary to enter into any detailed statement of the facts established, it suffices to say, that the parol evidence shows that the object of the transaction between him and the defendant, was altogether for the purpose of his being put in possession of his principal's money, of preventing its going into the hands of the assignee, and of giving to Gasquet a warranty that it should be reimbursed in case of eviction. He never understood that the amount received should be considered as paid in consideration of the sales made by himself as agent of Macarty, but always had in contemplation that said amount was paid into his hands as proceeding from the adjudication of the property subject to his principal's mortgage. Without the adjudication, the payment would not have been made. Indeed, the parol evidence establishes this fact positively; and if sales were passed, which must he viewed as made without authority, and consequently with no other or further effect than if they had never been executed, they were clearly the consequence of the defendant's wish to make a valid payment, and of the modes devised to procure to Macarty the satisfaction, *pro tanto*, of the mortgage debt due him by the insolvent. But this cannot change the object and nature of the payment; if it was valid without the sales, it must be so with them, since they are without effect. Macarty was not put *duriori casu*; he had paid nothing for the property, since the funds proceeding from its adjudication to Gasquet,

·were in the hands of his agent; and surely, if without those sales he would have been bound by the payment made to his said agent, we cannot see any valid reason why he should now complain, and attempt not only to take the property from the purchaser and legal owner thereof under the adjudication, but also to permit his unfaithful agent to keep a sum of money which was paid to the latter by virtue and in consequence of the power of attorney proceeding from himself. Again, the payment was valid (Civil Code, art. 2136,) and such an attempt on his part cannot but be reprobated by the sound principles of justice and equity. His situation was never changed, since he never acquired any legal title to the property; and we are perfectly satisfied that he has no right to dispute the payment made to his agent.

We must, therefore, conclude, that on the face of the very titles produced by the parties, and without reference to any parol testimony, the plaintiff has no right to claim the property in contest, which had been adjudicated by the marshal to the defendant; that such adjudication was the completion of the sale; and that the defendant has shown satisfactorily that the payment made to the plaintiff's agent, was in conformity with his power of attorney, and in compliance with the terms and conditions of the sale.

*Judgment affirmed.*