## LEDUF et al. *v.* BAILLY.

One who exhibits a judgment regularly obtained, an execution issued thereon, and a sheriff's deed to him, has a *just title* in the sense of art. 3450 of the Civil Code, sufficient to acquire by the prescription of ten and twenty years. In such a case it is not incumbent on the defendant to show a perfect title from the real owner; a title translative of property, derived from a person whom he honestly believed to be the owner, is a sufficient foundation on which to rest the prescription invoked. C. C. 3447, 3448.

APPEAL from the District Court of the First District, *Buchanan, J. Bodin*, for the defendant. No counsel appeared for the appellants. The judgment of the court was pronounced by

KING, J. This is a petitory action, instituted to recover five lots of ground situated in faubourg Lacourse, of which the plaintiffs claim to be the owners by inheritance from their father and mother, *Jacques Leduf* and *Josephine Roussère*. The defendant sets up as his title to the property a sheriff's deed to him made in 1816, and pleads the prescription of ten and twenty years. A judgment was rendered in favor of the defendant, from which the plaintiffs have appealed.

The ground on which the plaintiffs appear to rely in support of their claim is, that the sheriff's deed under which the defendant claims purports to convey only the interest of *Marie Thérèse Leduf* to the lots in controversy, and not that of *Jacques Leduf*, their ancestor. Many circumstances disclosed by the evidence concur to show that the lots belonged to *Jacques Leduf*, the ancestor of the plaintiffs, at the date of the seizure and sale; that the intention was to seize and sell them as his property, to satisfy a debt for which he had previously mortgaged them; and that the sheriff through error conveyed the interest of *Marie Thérèse Leduf*, against whom the writ was also directed, instead of the interest of the true owner. But the plea of prescription opposed by the defendant renders it unnecessary to enquire whether this error was really committed, for if found to exist it would not affect the result of the controversy. The defendant has exhibited a judgment regularly obtained, on execution issued thereon, and a sheriff's deed to him. Such sales have been repeatedly held to be *just titles*, in the sense of the 3450th article of the Code on which the prescription of ten and twenty years may be based. 2 Rob. Rep. p. 466, and the authorities there cited.

It is true that the sheriff's deed does not purport to convey the title of the ancestor of the plaintiffs; but it was not incumbent on the defendant to show a perfect title from the real owner, in order to support his plea. A title translative of property, derived from a person whom he honestly believed to be the owner, was a sufficient foundation upon which to rest the prescription invoked, and such a title has been exhibited. C. C. art. 3450. No evidence has been adduced to repel the legal presumption, that the defendant's possession commenced in good faith. See also C. C. arts. 3447, 3448. The youngest of the plaintiffs attained the age of minority more than twenty years prior to the commencement of this suit.           *Judgment affirmed.*