### PIKE *v.* EVANS.

1. Although, in Louisiana, informalities which occur in a sheriff's proceeding under execution may, if taken advantage of in due time, be good ground for annulling a sale made by him, yet, if he, being thereunto authorized, sells the land, and executes a deed therefor, to a *bona fide* purchaser, the latter, in an action against him to recover the land, commenced after five years from the time he entered into possession, can set up the statutory prescription.
2. The failure of the sheriff to actually seize the property is cured by the possession of such a purchaser for five years.
3. Under the laws of Louisiana, a deed of property from a person having authority to sell is regarded as a just title for the purpose of prescription.

ERROR to the Circuit Court of the United States for the District of Louisiana.

This is a petitory action brought to recover a certain plantation in Louisiana. The plaintiff (now defendant in error) claimed the land under an act of donation from her uncle, Ackley Perkins, passed the 5th of September, 1861. Perkins had purchased the land at sheriff's sale made Aug. 3, 1861, under a vendor's lien, and gave a twelvemonth's bond for the purchase-money. One Williams, and William S. Pike, the defendant below (now plaintiff in error), were his sureties on this bond. The bond not being paid, a writ of *fieri facias*, under the laws of Louisiana, was issued upon it against the goods and lands both of Perkins and his sureties. The sheriff, under and by virtue of this writ, sold the plantation in question on the 6th of January, 1866; and Pike, to save his own property and to protect himself against his liability as surety, became the purchaser, paid the incumbrance, and went into possession on the day of sale. He had been in possession over five years

when this action was brought; and, amongst other things, pleaded prescription of one, three, and five years.

On the trial of the cause, the plaintiff having proved the act of donation from her uncle, Ackley Perkins, on which she relied, and the previous purchase of the property by him at sheriff's sale in August, 1861, the defendant gave in evidence the twelvemonth's bond executed by Perkins and his sureties for the purchase-money at said sale, the *fieri facias* issued thereon in October, 1865, and the sheriff's deed to him dated Jan. 6, 1866, and introduced evidence tending to show that he, the defendant, had been in possession of the property in question for a period of five years, and that he purchased the property at the sheriff's sale; and thereupon he asked the court to charge, that if the jury found that he had been in possession for a period of five years, and that he purchased the same from any person authorized to sell at public auction, then any informality connected with or growing out of the sale was cured by the lapse of five years. The court gave the instruction asked, but added, "If the sheriff did not seize the property, that is an informality which is not cured by possession for five years." The counsel for the defendant excepted to this modification.

There was a judgment for the plaintiff below, whereupon the defendant sued out this writ of error.

*Mr. Thomas J. Durant* for the plaintiff in error.

The court below erred in charging the jury as to the effect of the sheriff's failure to seize the property. *Walden* v. *Canfield,* 2 Rob. (La.) 472; *Drouet* v. *Rice,* id. 377; *Leduf* v. *Bailly,* 3 La. Ann. 8; *Brien* v. *Sargent,* 13 id. 198; *Robert* v. *Brown,* 14 id. 598; *Budd* v. *Stenson,* 20 id. 573; *Woods* v. *Lee,* 21 id. 505 *et seq.* ; *Pasiana* v. *Powell,* id. 584.

*Mr. George W. Paschal, contra.*

The omission of the sheriff to actually seize the property rendered the sale absolutely null and void. There was, therefore, no error in the charge of the court below. *Watson* v. *Bondurant,* 21 Wall. 123; *Stockton* v. *Downey,* 6 La. Ann. 581; *Birch* v. *Bates,* 22 id. 198.

In *Morton* v. *Reynolds,* 4 Rob. (La.) 26, it was held that the prescription of five years related to and cured merely irreg-

ularities in the advertisements, time, place, and terms of sale occurring *after* a legal seizure.   But informalities could not apply to all manner of nullities.   The statute is not curative of such.

MR. JUSTICE BRADLEY, after stating the case, delivered the opinion of the court.

Sundry bills of exception were taken in the course of the trial of this action, but as the one quoted in the preceding statement of the case was, in our view, well taken, and is decisive, it is unnecessary to advert to them further.

By a law of Louisiana, passed March 10, 1834, sect. 4, it was enacted, —

" That all informalities connected with or growing out of any sale made by a parish judge, sheriff, auctioneer, or other public officer, shall, after the lapse of five years from the time of making the same, be prescribed against by those claiming under such sales, whether against minors, married women, or persons interdicted."

This law continued in force until 1870, when it was superseded by a general provision contained in the Revised Statutes of 1870 (sect. 3392, p. 659), and in the Civil Code, as published in that year, art. 3543, the terms of which are as follows : —

" All informalities connected with or growing out of any public sale made by any person authorized to sell at public auction shall be prescribed against by those claiming under such sale, after the lapse of five years from the time of making it, whether against minors, married women, or interdicted persons."

Other articles of the Civil Code of Louisiana on the subject of prescription require that the person who sets it up in relation to an immovable must have acquired the immovable in good faith and by a just title.   Thus, art. 3478 declares that " he who acquires an immovable in good faith and by a just title prescribes for it in ten years."   Arts. 3484 and 3485 declare that by the term *just title*, in cases of prescription, is not meant that which has been derived from the true owner, but that which has been received from any person whom the possessor honestly believed to be the real owner, provided it were

such as to transfer the ownership of the property; that is, such as by its nature would have been sufficient to transfer the ownership, if it had been derived from the real owner, such as a sale, exchange, legacy, or donation.

The Supreme Court of Louisiana has frequently had occasion to construe the effect of these laws.

In *Walden* v. *Canfield*, 2 Rob. (La.) 468, where prescription was set up under a title based on a marshal's sale, the court said: "The defendants have produced a regular judgment, writ of execution, and a deed of sale from the marshal to their author; and, under the well settled and repeatedly established doctrine of our jurisprudence, that in relation to sales under execution, where a purchaser shows a judgment, writ of execution, and sale, under which he holds, his title will be considered as legal and valid, we think that on this point the defendants have satisfactorily complied with the requisites of the law; and that, as their title being a just one, that is to say, one which of itself was sufficient to transfer the property in dispute, it is such as can legally serve as the basis of the prescription. It is true that the plaintiff has attempted to attack the defendants' original sale on the ground of informality in the other proceedings of the marshal; but this, in our opinion, cannot change, or in any way alter the effect of the defendants' title, if they have really possessed under it, during the time required by law to acquire the property by prescription, before the institution of this suit, or, in other words, before the alleged informalities were set up against the presumed legality and validity of their title."

In *Leduf* v. *Bailly*, 3 La. Ann. 8, the same doctrine was held where the irregularity complained of was that the sheriff's deed did not purport to convey the interest of the party from whom the plaintiffs deduced title. The judgment and execution were against him and others, but the sheriff's deed omitted his name. The defendants holding under this deed pleaded prescription, and the court held it a sufficient title to base prescription upon. "No evidence has been adduced," said the court, "to repel the legal presumption that the defendants' possession commenced in good faith."

So, in *Brien* v. *Sargent*, 13 id. 198, want of due notice of

seizure by the sheriff was held to be no obstacle to prescription being set up by one who claimed under the sheriff's sale; there being no evidence to impeach the defendant's good faith, and he having shown a regular judgment, execution, and sheriff's deed.

The subsequent case of *Robert* v. *Brown*, 14 id. 605, shows what kind of objections to a judicial sale may render it ineffectual as a basis of prescription. There a commission to sell the property of minors was issued without any order of sale. The court held that there was a total want of authority to sell; and that, in such a case, the prescription of five years could not be claimed under the statute, but that it only cured those informalities which may occur in the execution of a decree or other authority to sell. This case is analogous to that which would be presented if a sale were made under an execution without any judgment to support it.

From these authorities (and others to the same effect could be cited) it is evident that although informalities occurring in a sheriff's proceedings under execution may be good ground for annulling a sale made by him if taken advantage of in time, yet that if the sheriff has authority to sell, and does sell, and execute a deed to the purchaser, the latter, if a purchaser in good faith, may set up the prescription of five years under the statute. Applying this rule to the case before us, we think the court erred in holding that, if the sheriff did not actually seize the property, it was such an informality as could not be cured by possession for five years. The case of *Morton* v. *Reynolds*, 4 Rob. (La.) 26, referred to by the defendant in error, which seems to hold that the only informalities cured by five years' possession are those occurring in the advertisement of sale, is overruled by subsequent cases, and is contrary to the general current of decisions made by the Supreme Court of Louisiana. The case of *Watson* v. *Bondurant*, 21 Wall. 123, was very different from the present. In that case the question of prescription did not arise. Bondurant, the mortgagee, procured the property to be sold by the sheriff without any actual seizure or notice to Watson, who was in possession, and bought the same himself, and then brought his action to recover possession. Under those circumstances, it was competent to Wat-

son to take advantage of any informality in the sale; and we held that the want of seizure invalidated it.  So, in this case, if the defendant in error had proceeded in due time, the informalities relied on, if existing in point of fact, would probably have been sufficient to invalidate the sale.  But that is not the question here.  The question here is not whether the plaintiff in error had a good title, but whether he had such a just title as the law of Louisiana requires to lay the foundation of prescription; and of this we think, under the statute, and in view of the authorities cited, there is no doubt.  He received a deed from a person who had authority to sell; and that is regarded as just title for the purpose of prescription.

This decision renders it unnecessary to examine the preliminary objections raised by the defendant in error on the question of *supersedeas*.  The objection that the bills of exception were signed after the term at which the trial was had is met by the fact that the delay was made by the consent of the parties and the order of the court, and whilst a motion for new trial was pending.

*Judgment reversed and record remanded, with directions to award a venire facias de novo.*