LANDRY v. LAPLOS.

---

(37 South. 606.)

No. 15,114.

LANDRY et al. v. LAPLOS.

(Dec. 5, 1904.)

PETITORY ACTION—EVIDENCE—JUDICIAL SALE—PRESCRIPTION—ADMINISTRATOR'S SALE.

1. In a petitory action, where the plaintiffs claim title as heirs of their father, and the defendant claims title by virtue of an adjudication alleged to have been made to his vendor at a judicial sale made for the purpose of settling the succession of the father of plaintiffs, parol evidence is admissible on the question of whether or not such an adjudication was made.

2. The informality resulting from the succession sale having been made at a place not authorized by law is cured by the prescription of three years.

3. An administrator cannot delegate to another his authority to make a sale of the property of the succession under his charge, but he does not do so when he gets another person to act for him in his presence and under his eye.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Conrad De Baillon, Judge.

Action by Colastie Landry and others against Philip Laplos. Judgment for defendant, and plaintiffs appeal. Affirmed.

Jules Gil, William Charles Perrault, and Bernard Titche, for appellants. Chappuis & Holt, for appellee.

PROVOSTY, J. This is a petitory action. Both parties claim title through Mark Pene, deceased; one of the plaintiffs as his surviving widow in community, the others as his children and heirs, the defendant as assign of the purchaser at his succession sale.

The only serious question in the case is as to the admissibility of parol evidence to show the adjudication of the property at the succession sale, when defendant's vendor is said to have purchased.

The succession was insolvent. All of its property, including the land in controversy, was ordered to be sold to pay its debts. The sale was duly advertised to take place. The succession was thereafter settled on the hypothesis of all its property having been sold. The proceeds of the sale of the real estate, including, presumably, the proceeds of the sale of the land in controversy, were accounted for and distributed. The plaintiffs claimed and were allowed the necessitous widow's and minors' $1,000 homestead; but whether there was an adjudication does not affirmatively appear, unless parol evidence be admitted. Admit the parol evidence, and the succession sale to defendant's vendor is clearly proved; reject it, and the title has continued in the succession of Mark Pene, and passed to the plaintiffs.

The lower court admitted the parol evidence, and in so doing decided, we think, correctly.

The rule against the admission of parol evidence to affect title to real estate is not without its exceptions. Cases of error and fraud are familiar examples. Ex necessitate, parol has to be admitted in those cases where, in the nature of things, there can be no other kind of evidence.

The case of an action founded upon an adjudication at a public sale is of that character. The adjudication is a mere fact, and, in the nature of things, is only susceptible of proof by the testimony of the persons in whose presence it took place. To refuse to permit an adjudication of real estate to be proved by parol would be, therefore, to refuse a right of action upon it. It would be to say that after such an adjudication, and before papers are drawn up, either of the parties to the sale can recede with impunity.

Such is not our law. On the contrary, nothing is better settled than that the adjudication is of itself, and before anything else is done, the completion of the sale; and that either party has a right of action to compel the other to carry out the contract. Municipality No. 1 v. Cordeviolle, 19 La. 235; Succession of Goodrich, 6 Rob. 107; Bank of Orleans v. Hodge, 8 Rob. 450; McCarty v. Gasquet, 11 Rob. 270; Washburn v. Green, 13 La. Ann. 332; Nesom's Heirs v. Weis, 34 La. Ann. 1004; Lane v. Cameron, 36 La. Ann. 773; McCall v. Irion, 41 La. Ann. 1126, 6 South. 845; Interdiction of Onorato, 46 La. Ann. 73, 14 South. 299; Succession of Massey, 46 La. Ann. 126, 15 South. 6.

If, therefore, defendant's vendor, or defendant himself standing in the shoes of his vendor, had brought an action to compel the carrying out of the adjudication, parol would most unquestionably have been admissible to sustain the action.

Doubtless defendant's author would have brought such an action if, discovering that the adjudication had not been carried out by the execution and recordation of the proper title papers, he had applied to the administrator of the succession to execute the papers and the latter had refused to do so. But he did not make the discovery. Assuming that the administrator, as was his duty, would execute and record these papers, he paid the price, went into possession of the property, occupied and improved it, paid the taxes on it, and never knew until the filing of this suit, some 20 years afterwards, that the proper papers had not been recorded.

Now, if, on the day itself on which the adjudication took place, he could have maintained an action upon it, he could do so at the present time. No special prescription is provided by the Code for such action, and, he being in possession, the prescription acquirandi causa could not run against him; and what he could do his vendee, standing in his shoes, can do.

As a matter of course, the succession of Mark Pene would have been the proper defendant to a suit to compel the carrying out of the adjudication, and would still be, if still in existence; but the succession was fully settled years ago, and the administrator discharged. Perhaps defendant might dig the defunct succession out of its legal grave, and hale it before the courts to perform this duty which in life it neglected to perform; but of what use such a thing when the same result practically can be arrived at by a judgment in the present suit?

The legal situation is that by their suit the plaintiffs have accepted the succession of Mark Pene purely and unconditionally, thereby assuming all its obligations, and constituting themselves its sole legal representatives. As a consequence, any issue which would stand between the succession, if still in existence, and defendant, must be considered as standing between the plaintiffs and defendant. The plaintiffs are therefore (at any rate, on the theory of this suit) the proper parties to litigate with defendant this issue of whether the adjudication in question ever took place or not. It can make no difference that this issue is raised by way of defense, instead of by way of attack, so long as it is raised between the proper parties, and is raised directly, and not collaterally. Whether raised in the one form or in the other, it remains identically the same, namely, whether there was or was not an adjudication; and if parol be admissible on it in the one form, so it ought to be in the other. To exclude parol evidence in the present suit, therefore, would be to hold that after an adjudication of real estate, and before execution of papers, either party may recede, and the other be remediless under our law; and this despite the express provisions of the Civil Code declaring such adjudication to be the completion of the sale, and the settled jurisprudence enforcing it as such.

But plaintiffs say that, even if there was such an adjudication, it cannot avail defendant, because the sale was not made at the courthouse, or at any place authorized by law; and was therefore null.

If the sale was not made at the proper place, this was a mere irregularity, curable by the prescription of five years, which defendant has pleaded. Civ. Code, art. 3543; Louaillier v. Castille, 14 La. Ann. 777; Allen v. Couret, 24 La. Ann. 24; Munholland v. Scott, 33 La. Ann. 1043; Oriol v. Moss, 38 La. Ann. 770; Pike v. Evans, 94 U. S. 6, 24 L. Ed. 40.

Another objection is that the sale was not made by the administrator, but by another person for him. The facts in that connection are that the administrator was sick, and that he got some one to cry and adjudicate the property for him in his presence and under his eye. For all practical purposes, the administrator was himself acting.

The objection has no merit. Adle v. Anty, 5 La. Ann. 622; Poree v. Bonneval, 6 La. Ann. 386.

Judgment affirmed.