No. 3083

Second Circuit

---

DANCE v. COLEMAN, SHERIFF, ET AL.

---

(May 22, 1928.   Opinion and Decree.)
(June 28, 1928.   Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Judicial Sales—Par. 18, 25, 27.

A judicial sale of movable property, an undivided one-fourth interest of which belongs to a third person, is null in so far as the one-fourth interest is concerned, but where the property can not be identified, the remedy of third party is to proceed against purchaser and sheriff to claim proceeds of the sale or damages.

2. Louisiana Digest—Agriculture—Par. 19, 22, 23; Judici-l Sales—Par. 23.

The registry of the privilege against a crop by the furnisher of supplies does not protect the owner of the lien under the provisions of Article 684 of the Code of Practice or give him the right to have the judicial sale of the movable on which the privilege bears declared null by reason of the price of adjudication being less than the amount of the privilege.

3. Louisiana Digest—Privilege—Par. 5, 7; Judicial Sales—Par. 23.

Code of Practice Article 684 does not apply to judicial sale of movable against which there is a recorded privilege.

Appeal from the Second Judicial District Court, Parish of Claiborne. Hon. John S. Richardson, Judge.

Action by Walter Dance against John W. Coleman, sheriff, et al.

There was judgment for defendants and plaintiff appealed.

Judgment reversed.

R. L. Williams; J. Rush Wimberly and George M. Wallace, of Arcadia, attorneys for plaintiff, appellant.

W. D. Goff and B. F. Barnette, of Arcadia, attorneys for defendants, appellees.

WEBB, J.  Plaintiff, Walter Dance, leased to John Hopkins, a certain farm situated in the parish of Claiborne for the year 1926, on shares, plaintiff to receive one-fourth of the cotton and cotton seed raised on the leased premises, and plaintiff also furnished Hopkins with some supplies, and under an action brought by Dance against Hopkins judgment was rendered on November 12, 1926, in favor of plaintiff for one thousand dollars, the amount claimed, with recognition of an asserted privilege and crop lien for the amount of the judgment.

Hamner & Co., Ltd., of Bienville parish, having a judgment against Hopkins amounting to something over one thousand dollars, issued a writ of fieri facias thereon, which was sent to the sheriff, John W. Coleman, of Claiborne parish, who executed same by seizing the crops on the premises leased by Hopkins from Dance, and after the crop had been gathered it was stored in a warehouse in the parish of Bienville and warehouse tickets issued therefor, and following, on November 27, 1926, the sheriff, after due advertisement, offered the property at public sale and Hamner & Co., Ltd., became the purchaser.

On November 30, 1926, Dance filed the present suit in the parish of Claiborne against Hopkins, the sheriff, and Hamner & Co., Ltd., in which he sets forth the facts above stated, and alleges ownership of an one-fourth undivided interest in the property and a crop lien or privilege on the balance, or the three-fourths undivided interest of Hopkins, and alleging various irregularities in the sale made by the sheriff, he prayed that the sale be annulled and that he be decreed the owner of one-fourth of the property and his privilege be recognized and enforced on the three-fourths undivided interest of Hopkins, to which Hopkins answered admitting the allegations of the petition, and Hamner & Co., Ltd., answered, in substance, admitting that it had purchased the property at the sale made by the sheriff, and that the price of the adjudication had been paid over to the sheriff and had been credited on the writ and paid by the sheriff to defendant, Hamner & Co., Ltd., and alleged that the sale was valid and that plaintiff had been present or represented at the sale and was estopped either to claim ownership or privilege on the property or nullity of the sale, and a default was entered against the sheriff.

On trial judgment was rendered in favor of plaintiff and against Hamner & Co., Ltd., and the sheriff for the value of one-fourth of sixteen bales of cotton (the judgment, however, not fixing the value) and reserving his right to claim damages, and otherwise rejecting plaintiff's demands, from which plaintiff appeals, and Hamner & Co., Ltd., and the sheriff have answered the appeal, praying that the judgment be amended and plaintiff's demands rejected.

The case presents an unusual situation, in that while plaintiff knew of the seizure of the property he was not aware of the date of the sale and did not take any legal action until after the property had been sold and the proceeds had been applied on the writ, and in the present action, while he alleges ownership of an undivided interest in the property and a privilege on the interest belonging to Hopkins, and prays that such rights be recognized, the real object of plaintiff appears to be to have the sale annulled, and the property returned to the sheriff that it may be sold and a one-fourth of the proceeds delivered to him as the owner of one-fourth of the property, and the balance of the proceeds applied to the payment of his privilege, or such portion thereof as may be necessary, and although plaintiff did not especially pray for the property to be returned to the sheriff, it may be assumed that under a decree recognizing plaintiff as the owner of a portion of the property and as having a privilege on the balance, and annulling the sale, the duty would be upon Hamner & Co., Ltd., to return the property to the sheriff, and in default of its complying with its duty, that plaintiff could then enforce the decree by an action in damages or other appropriate action.

The evidence concededly established plaintiff's ownership in an one-fourth undivided interest in the property seized

and adjudicated to Hamner & Co., Ltd., under the writ of fi. fa. issued against Hopkins, and clearly the sale of plaintiff's property made under the execution issued against another, did not divest plaintiff of his ownership or vest the ownership in the purchaser (Ballio vs. Poisset, 8 Mar. N. S. 336), and the only defence set up being that plaintiff was present or represented at the sale and permitted the property to be sold without protest, and that estopped him to contest the validity of the sale of such interest, not being established, we think that the plaintiff, without regard to the regularity of the sale, was entitled to be decreed the owner of a one-fourth undivided interest in the property, unless it appeared that the property had lost its identity, which is suggested by defendant in its answer, in which it is alleged that it had sold the property and that it had passed into the channels of commerce, as to which some evidence was offered.

The defendant, however, did not base its defence on such facts but stood on the defence that plaintiff's ownership had been divested by the sale, and while we might infer that it will be impossible for the defendant to deliver the property, and had plaintiff demanded the property or its value and there was any evidence in the record showing the value, yet plaintiff insisting on the relief prayed for, we do not think we can presume that defendant will be unable to comply with any duty or obligation which may be placed upon it by the decree on the issue presented, which was merely whether or not the plaintiff was the owner of one-fourth of the property and whether his ownership had been divested by the sale, or whether he was estopped from claiming the ownership of the property, and we conclude that the judgment should decree plaintiff to be the owner of one-fourth of the property,

without considering any difficulty of enforcing the decree.

The situation, however, as to the privilege, is somewhat different, as an action to enforce a privilege on property is in the nature of a proceeding in rem, and where the property is not in the custody of the court, or not shown to be in the possession of the person against whom the privilege is sought to be enforced, we do not think a decree should be rendered recognizing the asserted privilege, and this we think is especially true where the person against whom the privilege is asserted is not the debtor, and the action is not of such character as would enable the court to render a personal judgment against the party against whom the privilege is asserted, which is the case in the present suit.

However, if the sale was null and void, and the title or ownership of Hopkins in the property was not divested by the adjudication to Hamner & Co., Ltd., the privilege still continued to exist on the property, which appears to be the contention of plaintiff, and the privilege is thus merely set up as an incident or as the basis of plaintiff's right to have the sale of the property of Hopkins, his debtor, decreed to have been null and void, and the defendant having put at issue the validity of the privilege and of the adjudication, we cannot presume that it will be unable to comply with any decree rendered on the issues presented, or with any duty or obligation to return the property to the sheriff which may be implied from the decree annulling the sale, and we proceed to consider whether or not the sale was null on the grounds alleged by plaintiff.

The evidence concededly established that plaintiff did have a privilege on the property to an amount of at least two hundred

and five dollars, and we find that the evidence established that the privilege was at least one thousand dollars, and it is conceded that the privilege resulted from plaintiff having furnished Hopkins with supplies with which to make the crop, and that plaintiff had taken a crop lien which had been duly inscribed on the mortgage records, and that the privilege was superior to any claim of Hamner & Co., Ltd., the plaintiff in execution against Hopkins, and the plaintiff alleges the adjudication was invalid for the reason that the defendant in execution, Hopkins, was only the owner of an undivided interest in the property, and that Hopkins had not been given any notice of the date of the sale, nor notice to appoint an appraiser, and that the property was sold without being exposed to view at the time and place of sale, and, further, that the price at which the property was adjudicated was less than the recorded privilege of plaintiff.

The evidence established the facts alleged as the basis for the claim for the nullity of the sale, which we will consider in the order stated.

The claim that the sale of Hopkins' property was null appears to be based on the assumption that the interest of Hopkins being only an undivided interest, that the sheriff did not have the right to seize the entire property and to proceed with the sale under such a seizure; however, the evidence conclusively established that plaintiff knew of the seizure and that he did not protest, and the sale of the entire interest in the property, we think divested Hopkins of any interest he had and not affecting the interest of plaintiff he has not any cause of complaint.

The failure of the sheriff to give Hopkins notice of the date of the sale, and to appoint an appraiser, and to expose the property to view at the time and place of sale, were not absolute nullities, and plaintiff appearing as a creditor of Hopkins and attacking the validity of the sale, we think it was incumbent on him to allege and show that the failure of the sheriff to comply with such regulations had injured him (Howard vs. Schmidt, 29 La. Ann. 129; and authorities cited), and he neither alleged nor proved that he was injured, or that the appraisement made was less than the value of the property or that the price at which it was adjudicated was less than its value, and the sale was null on the grounds alleged.

The position that the sale was invalid for the reason that the price of the adjudication was less than the amount of the superior recorded privilege of plaintiff bearing on the property, is apparently based upon the provision of the Code of Practice regulating judicial sales, where it is provided that where lands or other objects susceptible of being mortgaged are to be sold, the sheriff shall obtain from the registrar of mortgages a certificate showing whether or not there exist on the property mortgages or privileges and read the same at the sale, and announce that the sale is made subject to such encumbrances (Arts. 678, 679, C. P.), and that where there exist against the property privileges or mortgages which have a preference over the judgment creditor the property shall not be sold unless the price bid is sufficient to discharge such encumbrances (Art. 684, C. P.), and the well established jurisprudence under the latter article that the holder of such claims may have the sale annulled when the adjudication is made in violation of its provisions; but counsel do not attempt to illustrate the applicability of the law to the present case, where the thing sold was a movable and was not at the time of the passage of the act susceptible of being mortgaged.

We cannot conceive of any reason why the provisions of the article cited (Art. 684, C. P.) should be held applicable to movable property unless it may be said that the laws regulating judicial sales are general laws and must be applied to all judicial sales, and that subsequent laws having declared movables subject to be mortgaged, that the provisions of· the cited articles must. be held applicable to sales of movables.

The statute, chattel mortgage law, while it does provide that movables may be mortgaged, is clearly a special law, in which the manner of drafting the mortgage is made sacramental and is in itself complete, while Article 684, C. P. may be also considered as a special law relieving certain creditors of the necessity of being on the alert, and considering the great distinction between movable and immovable property, we do not think that the provisions of Article 684 C. P. can be held to be applicable to movables.

However, the question presented is not whether or not the provisions of Article 684 C. P. are applicable to sales of movables on which there are chattel mortgages, but the question is as to whether the law is applicable where there is a privilege bearing against movable property, which we think presents a very different question from that which we have assumed to be the basis of counsel's position.

The law does not usually require that privileges which are credited by it on movables should be recorded, and where it does not provide for the recordation of such privileges, we do not think that the mere recording of the privilege would preserve it when the ownership of the movable passes from the debtor, and while it may be said that the privilege or crop lien is authorized to be recorded, we think its re-cordation is merely authorized as against special creditors of the debtor who may also furnish supplies and to whom the law would also grant a privilege, and not as against the general creditors of the debtor (Weil vs. Kent, 52 La. Ann. 2139, 28 So. 295), and the registry of the privilege does not protect the creditor under the provisions of Article 684 C. P. or give rise to a right to have the judicial sale of the movable on which the privilege bears declared null by reason of the price of adjudication being less than the amount of the privilege.

We conclude that under the action brought by plaintiff the sale of his debtor's property cannot be annulled, nor can he be decreed, as against defendant, to have a privilege on the property, but that he should have judgment as against defendant Hamner & Co., Ltd., recognizing him as the owner of one-fourth of the property adjudicated to Hamner & Co., Ltd., and that his right to proceed against the sheriff and Hamner & Co., Ltd., to claim the proceeds of the sale or for damages should be reserved.

It is therefore ordered that the judgment appealed from be avoided and set aside, and it is now ordered, adjudged and decreed that plaintiff, Walter Dance, have and recover judgment against Hamner & Co., Ltd., decreeing plaintiff to be the owner of a one-fourth undivided interest in that certain property adjudicated to Hamner & Co., Ltd., by J. W. Coleman, sheriff of Claiborne parish, Louisiana, on December 3, 1926, said property being eight thousand fifty-seven pounds of lint cotton and three thousand pounds of cotton seed, said sale being made under a writ of fi. fa. issued in the cause of Hamner & Co., Ltd., vs. John Hopkins, No. 7280 on the docket of the Second Judicial District Court in and for the parish of

Bienville, and that plaintiff's demands be otherwise rejected; reserving unto him any right he may have to claim, as against the sheriff and Hamner & Co., Ltd., the proceeds of the sale of the property of John Hopkins or any claim for damages which he may have against said sheriff and Hamner & Co., Ltd.

It is further ordered that plaintiff pay all costs of both courts.

___

## ON APPLICATION FOR REHEARING

WEBB, J. In the application for rehearing, plaintiff complains of the finding that the property had been sold prior to his suit being filed when the evidence shows that there had been only an adjudication, but that the property had not been delivered to the purchaser and the proceeds applied on the writ, and plaintiff apparently urges that under the showing made judgment should have been rendered against the plaintiff in execution, Hamner & Co., Ltd., and the sheriff for the proceeds, or for damages in proceeding to deliver the property and distribution of the proceeds after his suit was filed.

The finding that the property had been sold is supported by plaintiff's pleading, in which he alleged the property had been sold and his demand for the nullity of the sale, and by the record, showing that the property had been adjudicated at the time he filed his suit, and the adjudication was the completion of the sale (Lane vs. Cameron, 36 La. Ann. 773; Succn. of Massey, 46 La. Ann. 130, 15 So. 6; Landry vs. Laplos, 113 La. 699, 37 So. 606), and while it may be that plaintiff could have claimed the proceeds by having the sheriff retain same there was not any order obtained, and he did not pray for such relief, or that he may have brought his action as for an illegal conversion of the property on which he had a privilege, but he did not do either, and his action was to revendicate the property accumulated with an action of nullity.

Hamner & Co., Ltd., having a judgment against Hopkins had the right to have his interest in the crop seized and sold subject to the privilege of plaintiff (Case vs. Kloppenburg, 27 La. Ann. 482; Pickens vs. Webster, 31 La. Ann. 870), and while Dance, plaintiff, could have claimed the proceeds of the sale, or probably claimed damages for an illegal conversion of the proceeds, as appears to be suggested, such claims were not set up in the present suit, and we do not think it is in the power of the court to grant such relief, in default of such relief being prayed for in the petition, and whatever rights plaintiff had against the defendants to claim the proceeds or damages being reserved to plaintiff under the decree heretofore rendered, the motion for rehearing is denied.