## TOBIN v. GREENBAUM.

### No. 14750.

Court of Appeal of Louisiana. Orleans.
Dec. 11, 1933.

Ben Washastrom, of New Orleans, for appellant.

James G. Schillin, of New Orleans, for appellee.

HIGGINS, Judge.

The testamentary executor of the succession of John Tobin brought this action against the defendant to recover rent for certain leased premises for the months of June, July, August, September, October, November, and for thirteen days in the month of December, 1932, said to be due in accordance with a written lease and certain rent notes executed in connection therewith, which notes are alleged to have been mislaid or lost.

The defendant admitted signing the lease and the notes, but denied that the notes were lost and that he was in default and averred that he was willing and able to pay the notes upon their presentation.

There was judgment in favor of the plaintiff, as prayed for, except for the rent for the month of June, as it was shown that the rent note for that month had been paid. Defendant has appealed.

Defendant contends, first, that there is not sufficient evidence to support the finding of the trial court that the notes sued upon were lost, and, second, that the plaintiff can only collect rent to September 15, 1932, the date upon which the leased premises were adjudicated at public sale to a third person in the succession proceedings.

■ The record shows that the premises were leased to the defendant for a period of two years at a monthly rental of $50 per month, represented by certain notes, the ex-piration of the lease being conventionally fixed as of September 30, 1933. The deceased and his wife collected the rent from the defendant and upon his death the rent notes were last seen while in possession of the widow. Diligent search was made for the notes, but they could not be located. An advertisement, for the purpose of locating the notes and having them returned to the owner, was published in the Times-Picayune newspaper, to which there was no response.

The defendant in his testimony admits that no one except the deceased's widow and the attorney for the executor made demands upon him for the payment of the rent notes and he was unable to offer any evidence to show that the notes had been negotiated or pledged. Defendant also admits that he paid the rent represented by the other alleged lost rent notes to the adjudicatee of the property after December 13, 1932, when the authentic act of sale for the property was passed.

It is significant that no one except the widow and the attorney for the executor, from July, 1932, to the time of the trial in the lower court on June 7, 1933, made any demand upon the defendant to pay the notes, and from June 7, 1933, to the date the case was argued here on November 28, 1933, apparently no one made such a demand, because counsel for the defendant would have informed us thereof.

The trial court was satisfied that the notes had been lost and had never been negotiated or pledged, and, under the circumstances, we see no reason to interfere with his conclusions. Nagel v. Mignot, 8 Mart. (O. S.) 488.

■■ With reference to the second point, the leased premises were sold in the succession proceedings for cash for the purpose of paying debts. Counsel for the defendant admits that the general rule of law is that the adjudicatee is not entitled to collect the rent for the property purchased until the act of sale is passed, the possession of the property delivered, and the purchase price, paid (Lapene v. Badeaux, 36 La. Ann. 194, Frierson v. New York Life Ins. Co., 174 La. 1037, 142 So. 256; Capital Bldg. & Loan Ass'n. v. Northern Ins. Co., 166 La. 179, 116 So. 843), but he argues that the general rule does not apply in the instant case because the adjudicatee was a mortgage creditor and that, under article 2217 of the Rev. Civil Code, as the qualities of debtor and creditor united in the same person, the obligation of paying the purchase price in cash was extinguished, citing Copes v. Guillebeau, 34 La. Ann. 1035 and Landry v. Laplos, 113 La. 697, 37 So. 606. The fallacy in this argument was pointed out in the Lapene v. Badeaux and Capital Bldg. & Loan Ass'n v. Northern Ins. Company Cases, supra, in which the Supreme Court held that a contract of sale does not make the

buyer the master and possessor of the property and does not give him the right to enjoy, use, or dispose of it, but only a right to demand the delivery of it, and, with reference to a judicial sale, the court pointed out that the mere adjudication by the sheriff does not operate as a transfer of the property from the seized debtor to the adjudicatee at such sale for all purposes. In the present case it was not shown that the mortgagee did not continue to claim interest under the mortgage note after the adjudication and he certainly could not claim interest on the mortgage note and at the same time enjoy the fruits of the property in the form of rent. We conclude, as did our learned brother below, that the plaintiff was entitled to collect rent on the leased premises to December 13, 1932, when the formal act of sale was executed and the possession of the property was delivered to the adjudicatee.

Finally, defendant says that he should not be compelled to pay the costs of court and the attorney's fee as provided in the notes and the lease. He did not show that he ever tendered payment of the notes, even after there was evidence tending to show that the notes had been lost or mislaid, and that the publication of this fact was made in the newspaper and no response made thereto. In the absence of any tender, we believe the trial court properly allowed these items.

For the reasons assigned the judgment is affirmed.

Affirmed.