## No. 11,305.

### SUCCESSION OF WILLIAM MASSEY.

When a testator directs in his will that his immovable property be sold by his executor, an order of sale rendered thereon for the sale of the property is valid.

If the executor dies pending the proceedings for the sale, his death does not have the effect of annulling the order or arresting the sale.

It is the law that an executor's authority is confined to the execution of the will, and that he can only sell property, movables first and thereafter immovables, in default of funds to pay debts and legacies. But the code, Art. 1669, makes an exception when the executor is directed to sell immovable property by the will.

The rights of the widow in community and the heirs of age are fixed at the testator's death, and these rights are personal to them. If they make no objection to the sale of the property directed by the will, the adjudicatee has no cause of complaint. They waive their personal rights by making no opposition to the execution of the will, and the order of sale by the court is a complete protection of the adjudicatee's title.

The adjudication by the auctioneer of the property to the purchaser is a complete title. No other is necessary and essential to vest title in the adjudicatee. The auctioneer who made the sale can make the deed and receive the price if no opposition is made by the executor, or in his absence.

The fact that there is no one to receive the price can not annul the adjudication. The purchaser can retain the price until some one is authorized to demand it or he can relieve himself of responsibility by depositing same in court.

APPEAL from the Civil District Court, Parish of Orleans.
King, J.

---

*Guy M. Hornor* for the Appellees:

When a testator directs his executor in his will to sell all his property, an order of sale obtained by the executor in order to carry out the wishes of the testator is valid. C. C. 1669.

" When the highest price offered has been cried long enough to make it probable that no higher will be offered, he who has made the offer is publicly declared to be the purchaser, and the thing sold is adjudicated to him." C. C. 2607.

" This adjudication is the completion of the sale; the purchaser becomes owner of the article adjudged, and the contract is from that time subjected to the same rules which govern the ordinary contract of sale." C. C. 2608; Lane vs. Cameron, 36 An. 773.

"When an auctioneer, who has been appointed to make a judicial sale, has made the adjudication and executed his *proces verbal* of sale, and has died before passing the act of sale, the court may appoint a new auctioneer to take his place." Covas vs. Berthoulin, 45 An. 160.

Therefore an auctioneer directed to make a judicial sale has the power to sign the act of sale in accordance with the adjudication made by him.

"The adjudication made and recorded by the sheriff, auctioneer or representative of the succession, is a complete title to the purchaser, and need not be followed by an act passed before a notary." C. C. 2623; Berthoud's Heirs vs. Unruh, 9 La. 180; Nesom vs. Weiss et al., 34 An. 1009, and authorities there cited.

*Browne & Choate contra:*

1. Any clause in a will, extending an executor's powers beyond those conferred by law, is considered not written. C. C. 1652, 53, 59, 61; Percy vs. Provan, 15 La. R., page 69

2. The functions of an executor do not extend beyond the execution of the will, embracing the payment of legacies, if any are left by the will, and the payment of the debts of the testator, and those of his estate. For these purposes he can procure an order of sale and have sufficient property sold to satisfy the legacies and debts. He has no power to obtain an order of sale for the purpose of making a partition of the estate between the heirs. Succession of Dumestre, 4 So. Rep., page 329. And it follows that a probate court has no power to grant an order of sale upon the application of an executor to partition an estate between the heirs.

The opinion of the court was delivered by

McENERY, J. Wm. Massey died in the city of Philadelphia in 1891. Joseph P. Hornor, of the city of New Orleans, was appointed by the last will and testament of the deceased, executor in Louisiana. The testator owned considerable immovable property in the city of New Orleans.

In the will he directed the Louisiana executor "to sell all the property of the deceased within the State of Louisiana under the orders of the Court of Probate and advice of my Pennsylvania executors, and after payment of all my debts, if any, to remit the proceeds to the executors of my estate in Pennsylvania, my domicil."

Joseph P. Hornor, the Louisiana executor, presented to the proper court having jurisdiction, a petition in which he alleged that the deceased by last will dated 26th April, 1881, directed him to sell the property of the deceased in this State under the orders of court, and the advice of the Pennsylvania executors, and to remit the proceeds to the executors in Pennsylvania, and that he was advised to sell the real estate at public auction. The order was granted as prayed for, and an order issued to W. C. H. Robinson, an auctioneer, direct-

ing him to make the sale, after legal delays and advertisement, and upon the terms and conditions as prayed for by the executor. The sale was advertised to take place on 1st February, 1893. Before the day of sale arrived the Louisiana executor, Hornor, died. The auctioneer proceeded with the advertisement and sale, and on the day of sale adjudicated a certain piece of real estate, situated in the city of New Orleans, in the square bounded by Magazine, Lafayette, Common and Girod streets, to the commercial firm of W. H. Mathews & Bro., for the price of $21,000. The auctioneer made a tender of title to said firm of an act of sale signed by him, and made a demand on them for the price of the adjudication. They refused to comply with their bid. A rule was then taken by the auctioneer and the heirs of deceased on Mathews & Bro., the adjudicatees, to show cause why they should not accept the title tendered and pay the purchase price.

The defendant in rule answered by attacking the validity of the proceedings provoked by the executor upon the following grounds:

1. Because the said property was sold without authority in law, or in fact, and the proceedings looking to the sale of said property are wholly unwarranted in law, and they are null and void on their face.

2. Because the District Court was without authority or power to issue the order of sale herein for the sale of said property.

3. Because there is no one at present qualified to receive the purchase price herein and grant a valid discharge therefor, and make to these respondents a formal and valid title to said property.

4. Because the said proceedings are in effect partition proceedings and the proper parties, the widow and heirs, have not been brought into court, and they are not bound thereby.

5. Because the said proceedings are otherwise defective, illegal and not binding on the heirs of the deceased.

The rule was made absolute, and W. H. Mathews & Bro. were ordered to accept title and pay the price of the adjudication. They appealed from the judgment.

The first and second grounds are based on the well established principle that the executor was without power to enlarge the duties imposed upon him by the laws of this State, and that he could only sell enough property to pay debts and legacies and that the record shows that the estate owed no debts and there were no legacies to be paid. And he relies upon Articles 1659, 1660, 1668, C. C., and Percy vs. Provan, 15 La. 69, and Succession of Dumestre, 40 An. 571.

Art. 1660 says: "But if the executor testamentary be merely appointed testamentary executor without any other power his functions are confined to see to the execution of the legacies contained in the will, and to cause the inventory and other conservatory acts of the property of the succession to be made."

In default of funds to discharge debts and legacies of sums of money he can sell, on the order of court, the movables, and if they are insufficient the immovables to a sufficient amount to satisfy said debts and legacies. Art. 1668.

Art. 1669 says: "Except in the cases provided for in the preceding article (1668) the executor can not cause the immovables to be sold unless he is authorized by the will to do so."

The executor is bound to see that the will is faithfully executed. C. C., Art. 1672.

Article 1669 authorizes the immovables to be sold if so directed by the will.

The testator in the will expressly directed that the property in Louisiana should be sold and the proceeds remitted to the executors in Pennsylvania. The sale of the immovables in Louisiana was to be made on the advice of the executors in Pennsylvania. This disposition of the will evidently intended that the executors in Pennsylvania should be the judges of the proper time for the sale. They directed it, and the condition became absolute, and it then became the duty of the Louisiana executor to apply to the proper court for the requisite order to sell.

The right of the widow in community on the property, her ownership of one-half and usufruct on the other, could not be controlled by the dispositions in the will. And the same may be said of the rights of the heirs on the property, which were fixed at the testator's death. Succession of Smith, 9 An. 107.

The widow and the heirs assert no rights on the property—we are not informed by the record that they have done so.

At any rate they must assert them before the final execution of the testament. In the instant case in the rule they demand the execution of the will.

The matter is personal to them, and if they waive their rights by not opposing the execution of the will it does not concern the adjudicatee of the property. There are no minor heirs' rights at issue.

The testator ordered the sale of his property, the proceeds to be

remitted to the executors of his domicil.  The will is executed, the property sold and proceeds remitted to the executors at the testator's domicil.  Now in what manner, after the sale of the property, can the heirs or widow attack the sale made of the property by a court of competent jurisdiction?  They have acquiesced in it by making no opposition to the execution of the will.  The fact that the code authorizes the testamentary executor to sell immovable property, if directed by the will to do so, is a protection to the adjudicatee in the absence of any proceedings by the heirs or widow in community to prevent the sale.

The authority of the executor to sell was derived from the will.  The will was probated and ordered executed.  The order of the court ordering the sale of the property is a protection to the adjudicatee.

There is nothing in the record behind the order to put the adjudicatee upon inquiry.  In the absence of any opposition to the final execution of the will, the order to sell stands alone a complete and perfect shield for the purchaser under the order.

On the third ground, alleged by defendants in rule, that there is no one at present qualified to receive the purchase price and grant a valid discharge therefor and make to defendants a valid title to said property, it is sufficient to say that the death of the executor before the sale could not have the effect of revoking the order of court.  The property was directly under the administration of the court, under the order, and it could compel the final execution of the order.  The court had appointed the auctioneer to make the sale and the announcement or advertisement of the same had been made to take place on a certain day.  There was no reason why the death of the executor should arrest the execution of the order.  Having provoked the order as required by the will, his active participation was no longer necessary for its final execution.

The adjudication of the property to the defendants was in itself a perfect title.  There was no necessity for any other.  C. C. 2607, 2608, 2623; Lane vs. Cameron, 36 An. 773; Dabadie vs. Poydras, 3 An. 153; Heirs of Nesom vs. Weis, 34 An. 1009; Washburn vs. Green, 13 An. 332; Desobry vs. Carmena, 9 An. 180; Babin vs. Winchester, 7 La. 468; Faulk vs. Pinnell, 6 R. 26; Lafiton vs. Doiron, 12 An. 164; Code of Practice, 690; Interdiction of Onorato, 46 An. *ante.*, p. 73, recently decided.

There being no one to whom he could pay the price could not defeat the sale. The purchaser could retain it until demanded by proper party, or he could have relieved himself of responsibility by depositing same in court.

The auctioneer Robinson had the undoubted right to make a deed to the property and to receive the price, as he had been authorized by the court to make the sale.

In Covas vs. Bertoulin, 45 An., p. 160, we decided that where the auctioneer who made the sale died, the court could appoint another auctioneer to make the deed. It is self-evident, then, that the auctioneer who is living has the right to sign the act of sale.

On the fourth ground, that the proceedings were, in effect, partition proceedings, and the widow and heirs were not parties, and the act therefore null and void, it is evident that the sale was not made to effect a partition between co-proprietors, but to reduce to cash the testator's property in Louisiana under the provisions of the will.

The sale may be a preliminary step to a final partition in Pennsylvania among the heirs of the deceased. This may have been the reason for the disposition in the will for the sale of the immovable property in Louisiana. But these are subsequent matters that do not concern the defendants. Dees vs. Tildon, 2 An. 412; Kohn vs. Marsh, 3 Rob. 48.

Judgment affirmed.

Mr. Justice Parlange takes no part in the decision of this case.