# ETTA CONTRACTING COMPANY vs. CHARLES BRUNING.

## Syllabus.

1. The lien for street paving in the City of New Orleans attaches to the property from the moment the contract between the City and the paving contractor is perfected, though it be not enforceable until the certificate issues.

2. An adjudication made at public auction by direction of the owner, and not under an order of Court amounts only to a promise of sale and not to a completed sale vesting title in the purchaser.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 101,178. Hon. E. K. Skinner, Judge.

Lemle, Jones & Moreno, for plaintiff and appellee.

Buck, Walshe & Buck, for defendant and appellant.

F. W. Hart, for warrantor and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

This matter presents only two questions, both being of law.

The first is, from what time does the lien for street paving in the City of New Orleans attach to the property, to-wit, whether upon the signing of the contract between the city and the paving contractor, or only upon the completion and acceptance of the work, and the issuance of a certificate therefor.

In **Louisiana Improvement Co. vs. Macheca (3 Court of Appeal, p. 71),** this Court held that the claim of the paving contractor though enforceable only upon registry (issuance) of his certificate, is a complete burden on the

— 250 —

property, operating as a lien thereon, from the moment the contract between the city and the contractor was perfected (p. 77).

We adhere to the view therein expressed.

The other question is, whether an adjudication made at public auction by direction of the owner, and not under an order of Court, is a perfected sale vesting title at once in the adjudicatee, or merely a promise of sale.

This precise point last arose in **Collins vs. Demarest, 45 An., 114,** and the Supreme Court there held that such an adjudication amounts only to a promise of sale and not to a completed sale vesting title in the purchaser.

We have but to follow that opinion as being the last expression of the Court on that point.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, May 19th, 1913.

Rehearing refused, June 23rd, 1913.

Writ granted, October 13th, 1913 **(134 La., 48).**