### FAIR v. WILLIAMS et al. *
### No. 5350.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

*Rehearing denied April 1, 1937.

H. W. Bethard, Jr., of Coushatta, for appellants.

Craig, Bolin & Magee, of Mansfield, for appellee.

DREW, Judge.

At the time of his death, Willis W. Williams, Sr., was the owner of several hundred acres of land in DeSoto parish, La., including the S. W. ¼ of S. E. ¼, Sec. 10, Tp. 11 N., R. 14 W. He had acquired the 40 acres of land at sheriff's sale from Calvin Johnson by proper description. In recording the deed, the clerk of court and ex-officio recorder erroneously described the property as the S. E. ¼ of S. E. ¼, Sec. 10, Tp. 11 N., R. 14 W. After the death of Williams, his succession was administered by the Bank of Commerce & Trust Com-

pany. An inventory of the property of the succession was made in which the erroneous description of the 40 acres in dispute here was carried, and the correct description was not. After a great length of time had passed, the administrator applied to the court for an order to sell the property of the succession for the purpose of paying the debts. The prayer of the petition is that the court order the sale of all the properties, real and personal, belonging to the succession, and for a new appraisement of said properties to be made by appraisers appointed by the court. The order of the court was that all the properties, both real and personal, be sold, and appointed appraisers to appraise anew the properties to form the basis of the sale. The appraisers appointed by the court at this time were different from those who appraised the properties when inventoried in 1926. The order for the sale was in the year 1930.

The commission to sell issued by the clerk at the instance of the court's order and addressed to the administrator described the 40 acres involved here as the S. E. ¼ of S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W. This particular 40 was appraised at $200 by the new appraisers, the same as it was originally appraised in the inventory. The advertisement of the sale carried the same erroneous description and the administrator's deed to the purchaser, the DeSoto Corporation, also described the 40 as the S. E. ¼ of S. E. ¼, Sec. 10, Tp. 11 N., R. 14 W.

The administrator's sale was consummated on July 19, 1930. At the time of the sale the purchaser there was already the owner of the S. E. ¼ of S. E. ¼, Sec. 10–11–14, by virtue of a deed from the Bank of Commerce & Trust Company of date September 13, 1929. Willis W. Williams, Sr., was never the owner of the S. E. ¼ of S. E. ¼, Sec. 10–11–14, at any time.

On February 1, 1936, the DeSoto Corporation transferred by deed to P. C. Fair the S. W. ¼ of S. E. ¼, Sec. 10–11–14. Soon thereafter, Fair discovered that his vendor did not have a recorded title to the land sold him and filed this suit impleading the widow and heirs of Willis W. Williams, Sr., deceased, the DeSoto Corporation, and the clerk of court, alleging error in the recordation of the deed from Calvin Johnson by sheriff to Willis W. Williams, Sr., and by virtue of that error, the following error throughout the administration of

the Williams succession, as above related. He prayed for judgment reforming the record wherein the erroneous recordation was made and reforming the deed to the DeSoto Corporation from the succession, now represented by the widow and heirs of Williams, deceased; and that he be decreed the owner of the S. W. ¼ of S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W.

The curator ad hoc appointed to represent one absent heir filed an exception of no right or cause of action to the petition. A similar exception was filed by the attorney for the widow and other Williams heirs. Both attorneys for the widow and Williams heirs then filed a prayer for oyer of the following documents: The inventory of the DeSoto parish properties of the Williams succession; the order of court under which the real estate was ordered sold; the official advertisement of the sale; and the deed or act of sale from the succession to the DeSoto Corporation.

This prayer was complied with by plaintiff and it was agreed by counsel that in passing upon the exceptions heretofore filed, these documents be considered together with the petition. The exceptions were overruled by the lower court and are reurged here.

The exceptors then answered denying that plaintiff is the owner of the S. W. ¼ of S. E. ¼, Sec. 10–11–14; admitting that plaintiff acquired the deed to this property from the DeSoto Corporation; but denying that the DeSoto Corporation ever acquired said property from the Williams succession. Further answering, they show:

"* * * That shortly after the death of Willis W. Williams, deceased, the Bank of Commerce & Trust Company, then the owner of a majority of the shares of the capital stock of its real estate holding company, DeSoto Corporation, the vendor of this plaintiff, qualified as the administrator of the succession of Willis W. Williams, deceased; that in the said proceeding inventories were made, under the direction of the court, of the property and effects of the succession; that in the inventories several hundred acres of land belonging to deceased were inventoried; that subsequently thereto, under order of court, the property inventoried as the property of the succession in the Parish of DeSoto, particularly the real estate aforesaid, was ordered sold, advertised for sale and sold to the DeSoto Corporation; that the property of the estate aforesaid consisted of hundreds of acres of land described according to government surveys and that the SW¼ of SE¼, Section 10, Township 11 North, Range 14 West, was never inventoried or sold or advertised for sale and sold by the administrator of the succession of Willis W. Williams, deceased.

"That at the sale aforesaid, the DeSoto Corporation purchased the real estate of the succession of Willis W. Williams, deceased, by bidding or offering for said property two-thirds of the appraised value of the said property. That, as evidenced by the act of sale and the order for the advertisement of sale, it was not the intention of the DeSoto Corporation to acquire any specific property, but as an alleged creditor of the estate of Willis W. Williams, deceased, it sought to purchase in globo the property of the succession of Willis W. Williams, deceased, and particularly, at the time of the sale, it was not the intention of the said DeSoto Corporation, as evidenced by the proceedings in the said succession, to acquire the SW¼ of SE¼, Section 10, Township 11 North, Range 14 West; and accordingly the said DeSoto Corporation acquired no title whatever to the said described forty acres of land." and pray that plaintiff's demands be rejected at his costs.

The clerk of court answered alleging he had no interest in the outcome of the case and suggested to the court that if judgment were rendered against him, it be stayed until a final determination of the case between the other parties to the suit.

The DeSoto Corporation answered admitting every allegation of plaintiff's petition.

After plaintiff had closed his case in chief and after he had offered in evidence suit No. 15,156 on the docket of the Eleventh district court for the parish of DeSoto, La., styled Mrs. Mable C. Williams et al. v. DeSoto Bank & Trust Company, and at the time defendants began offering their evidence, he interposed a plea of judicial estoppel, based upon the allegations made in said petition, wherein defendants Williams admitted and alleged that the whole of the property belonging to the succession of Willis W. Williams, Sr., located in DeSoto parish, La., had been sold by the administrator.

Plaintiff contends that since defendants have judicially admitted all of the DeSoto

properties of the succession have been sold, they are estopped to deny in this suit that the S. W. ¼ of S. E. ¼, of Sec. 10–11–14, which was property that belonged to the succession and located in DeSoto parish, was not sold at the administrator's sale.

After hearing all the evidence, the lower court rendered judgment for plaintiff as prayed for, and the widow and heirs of Willis W. Williams, Sr., have prosecuted and do now prosecute this appeal.

Neither the clerk of court nor the De-Soto Corporation appealed. Therefore, we are not concerned with any part of the case other than the reformation of the deed from the succession of Williams to the DeSoto Corporation.

■ The exception of no right or cause of action is based upon the contention of defendants that plaintiff was guilty of culpable negligence in purchasing from a vendor who had no recorded title, or he is a volunteer who, by the acceptance of his deed from his vendor, volunteered to bring this suit based upon the equitable right of reformation of instruments, and therefore is without right to prosecute this suit. In support of the above contention, defendants cite numerous common-law authorities, but none from our own jurisdiction. We are not impressed with the charges. Plaintiff purchased the property from one who held itself out as owner by purchase from the Williams succession of all the real estate belonging to it. The deed by which plaintiff acquired the property is a warranty deed conveying to plaintiff complete transfer and subrogation of all rights or actions of warranty against all former proprietors. Under said warranty and subrogation, it was not negligence which would bar an action for reformation by him, because he failed to examine or have examined the title claimed by defendants. He was a purchaser in good faith and, without proof to show it, cannot be termed a volunteer for the purposes of this suit.

■ Defendants further contend that plaintiff was not a party to the instrument he is seeking to reform and thereby cannot sue for the reformation thereof. It is conceded that the vendee in said instrument had the right to sue. If so, his vendee, plaintiff herein, who is subrogated to all his rights of action against all former proprietors, likewise has the right in law to sue for a reformation. Plaintiff has the same right in law that his vendor had.

■ Defendants' other contentions are made under the exception of no right or cause of action and the merits, and argued as applicable to both. They contend the petition and evidence fail to disclose a mutual mistake. We cannot agree with this contention. The petition and documents produced in answer to the prayer for oyer disclose that plaintiff alleged an error and traced it entirely through the succession proceedings. The petition for the order of sale and the order of the court included all the property belonging to the succession. The allegations of the petition when read with the documents clearly show an error on the part of the administrator in that he thought he was selling all the property of the succession, and to this fact he testifies. The court ordered all the property sold and it is evident the defendants thought all had been sold, or they would not have made the allegation in suit No. 15,156, styled, Mrs. Mable C. Williams et al. v. DeSoto Bank & Trust Company, which suit was filed July 26, 1935, more than six months before the suit at bar was filed and more than six months before plaintiff acquired from the DeSoto Corporation the deed under which he is suing. In article 43 of the petition in that suit, they allege that the administrator sold the whole of the properties of the succession situated in DeSoto parish. The vendee at the administrator's sale thought it was buying all the properties of the succession and when the lone 40, subject of this suit, was not included by its correct description, it was due solely to the mistake of all parties interested, said mistake being due to the original error made by the clerk in recording the sheriff's deed from Calvin Johnson to Willis W. Williams.

One of the appraisers at the time the inventory was taken and one who appraised the property under order of court just prior to the administrator's sale testified in the case. They both testified they were familiar with the 40 acres of land acquired by Williams from Calvin Johnson, but did not know its description by government subdivisions. When they appraised the 40 acres, they were under the impression they were appraising the Calvin Johnson 40. There is also evidence in the record showing that the notes used by the clerk in making the inventory showed the S. E. ¼ of S. E. ¼, Sec. 10–11–14 W., to be listed as the "Calvin Johnson 40." The mistake was due to the error in the recordation of the original deed.

■ Defendants objected to all of the above-stated testimony, which objections were properly overruled for the reason that where error is alleged in a sale, whether a judicial sale or otherwise, parol evidence is admissible to prove the error.

■ Defendants further contend that even though there was a mistake and error, it inures to the benefit of the widow and heirs of the deceased Williams and not to the vendee at the succession sale. They rely upon the common-law rule of caveat emptor to sustain their position. We do not think the position sound for the civil law has not favored the doctrine or rule of caveat emptor and its consequences. The rule of the civil law is caveat venditor, that is, under the common law the rule is "Let the Purchaser Beware," and under the civil law of Louisiana the rule is "Let the Vendor Beware." This is borne out by the warranties provided in our Civil Code, arts. 2501, 2502, and 2506, and other articles pertaining to warranty.

Defendants further rely upon the cases of Messick v. Mayer, 52 La.Ann. 1161, 27 So. 815, and Lattimer's Heirs v. Gulf Refining Company of Louisiana, 146 La. 249, 83 So. 543. The Messick v. Mayer Case, at first reading, seems to be on all-fours with the one at bar, but a careful study of it discloses this is not a fact for the reason the facts in that case clearly show that Messick did not think or believe he had purchased the entire property of the estate; if so, he would not have attempted to purchase the remaining half in another court procedure. There is no question of misdescription of land brought about through patent error, as in this case.

In the Lattimer Case the court found, after considering all the parol testimony, that it was the intention of Lattimer to buy only that land which was advertised for sale and, therefore, no error was proven. In our opinion, there is a wide distinction between the case and the one at bar for the reason in the instant case it is shown conclusively and without contradiction that the administrator believed he was selling the whole of the properties belonging to the succession, the purchaser believed it was purchasing the whole, and the widow and heirs of the deceased Williams believed the whole had been sold and judicially declared their belief and alleged it as a fact in a suit against the administrator for mismanagement of its administratorship.

■ When error is so conclusively shown, as in this case, we are of the opinion the vendee or its assigns under warranty of title have the right in law to sue for the reformation of the erroneous instrument brought about through proven error, and the courts are justified in law in reforming erroneous instruments of sale. Smith v. Chappell, 177 La. 311, 148 So. 242; Chaffe v. Minden Lumber Company, 118 La. 753, 754, 43 So. 397; Lattimer's Heirs v. Gulf Refining Company, 146 La. 249, 83 So. 543; Sims v. Jeter, 129 La. 262, 55 So. 877; Walker v. Colvin, 151 La. 765, 92 So. 328, 329.

We therefore conclude that the judgment of the lower court is correct in all respects, and it is affirmed with costs.

