HALL, Judge.
Cecil B. Pettepher and Raleigh V. Bryant are rival claimants in concursus to the ownership of a $500.00 deposit in the Registry of the First City Court of the City of New Orleans by Gus Pailet and Mrs. Albert I. Pailet d/b/a General Auction Co. The Trial Court determined that Raleigh V. Bryant was the rightful owner of the fund and rendered judgment accordingly. Cecil B. Pettepher prosecutes this appeal from that judgment. Bryant answered the appeal praying that the judgment be affirmed and that penalties and damages be assessed against Pettepher for frivolous appeal. Gus Pailet and Mrs. Albert I. Pailet d/b/a General Auction Co. were mere stockholders of the fund and have no interest therein.
The matter arises out of an auction conducted by General Auction Co. of certain movable property belonging to Pettepher or ttnder his control which took place on July 31, 1962. The advertisement preceding the auction contained the following language: “Terms cash — 25% deposit required from all buyers. * * * Items to be removed within 72 hours after completion of sale.”
Bryant was one of the bidders at the auction and in connection therewith deposited the sum of $500.00 with the auctioneer. At the termination of the auction a controversy arose between the auctioneer and Bryant as to the extent of Bryant’s purchases. The Pailets contended that Bryant purchased the following:
Lot No. 40 Belting $ 10.00
Lot Nos. 42-43 Saws — band saw weights 8.00
Lot No. 73 Hoist and Lifting Frame 400.00
Lot No. 80 Budgit hoist with carrier 380.00
Lot No. 104 Mack tractor and trailer 780.00
Total $1,578.00
Bryant contended that he had not purchased Lot No. 73 and Lot No. 80 but admitted buying the other articles of equipment listed above.
As a result of this controversy none of the equipment was delivered to Bryant although he offered to pay the balance due on the equipment he admitted buying. All of the listed equipment was subsequently returned to Pettepher by the auctioneer.
Pettepher brought this action against the auction company to recover the $500.00 de *339 posit made by Bryant which was still held by it.
In answer to the suit the auction company averred that it had no interest in the deposit but that Bryant as well as Pettepher was claiming ownership thereof. The auction company thereupon deposited the $500.00 in the Registry of the Court and called upon the rival claimants to litigate the matter between themselves.
Pettepher claims ownership of the $500.00 deposited with the auctioneer by Bryant on the theory that the deposit was earnest money and as such was forfeited to him as damages when Bryant failed to pay for all of the equipment he contends Bryant purchased. Bryant contends that the deposit was simply a down-payment on the purchase price of the equipment he admits buying; that since his offer to pay the balance of the price was refused by the auctioneer and since none of this equipment was delivered to him, his deposit should be returned. Bryant seeks no other relief than the return of his deposit.
The first issue presented is purely factual. Did Bryant purchase the “hoist and lifting frame” (lot no. 73) and the “Budgit hoist with carrier” (lot no. 80) ? Bryant testified that he did not. He admitted that he had bid up to $85.00 on each of these two items but testified that he dropped out when the bidding rose higher. Gus Pailet and Mrs. Albert I. Pailet both testified that although they had no recollection of the bidding their records reveal that Bryant did purchase the two lots in dispute. Pettepher had not attended the auction. It would serve no good purpose to review the testimony in detail. Suffice it to say the Trial Judge evidently believed that Bryant was not the last and highest bidder on the two lots and we find no manifest error in such a conclusion.
However, assuming arguendo that Bryant was the adjudicatee of the disputed lots as well as those he admits purchasing, Pettepher’s remedy would be either: (a) to provoke a sale á la folie enchére under the provisions of LSA-C.C. Article 2611, (b) a suit for specific performance or (c) an ordinary action for damages. See Municipality No. 2 v. Hennen, 14 La. 559; Miltenberger v. Hill, 17 La.Ann. 52. Pettepher has no right to a forfeiture of Bryant’s deposit as in the case of earnest money because such a deposit is not earnest money.
When earnest money is given "each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; he who has received it, by returning the double.” See LSA-C.C. Art. 2463. If Bryant’s deposit was earnest money he could recede from the sale by simply forfeiting it. But to do so would completely nullify the right given Pettepher by LSA-C.C. Art. 2611 to provoke a sale á la folie enchére.
The precise point in question was presented to our predecessor court in Merenda v. Clesi, Orleans Appeals No. 8602 (1924) unreported. In that case Judge Claiborne as organ of the Court said:
“It was urged in argument that the deposit made by an adjudica tee at an auction sale is earnest money. No authority was produced for this proposition. We do not believe it is correct. Earnest money is given to bind a mere promise of sale. C.C. 2463 (2438) says: ‘But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise and etc’ The adjudication at auction is not merely a promise of sale it is a complete sale and the deposit is a payment on account of the price. C.C. 2608 (2586) : ‘The adjudication is the completion of the sale; the purchaser becomes the owner of the article adjudged, and the contract is, from that time, subjected to the same rules which govern the ordinary contract of sale’ [Succession of Massey], 46 A 126 [15 So. 6].
*340 “The manner of enforcing compliance with the adjudication is pointed out in C.C. 2611 (2589) The parties cannot recede by forfeiting the deposit.
‘The law and the jurisprudence of this State establish the general rule, to which there are certain exceptions, that the adjudication at public auction completes the sale and vests in the adjudi-catee the ownership of the property adjudicated [Etta Contracting Co. v. Brunning]. 134 La. 48 [63 So. 619] * * *) ”
Pettepher relies on the decision in Collins v. Demarest, 45 La.Ann. 108, 12 So. 121 wherein syllabus No. 2 (by the Court) reads as follows:
“The paying of a certain stipulated cash deposit at the time of adjudication at an auction sale is not to be construed as a payment of part of the purchase price, as such, but as the giving of an earnest to bind the bargain during the time titles are being prepared.”
However, as shown by the opinion of the Court, there was actually no adjudication at auction in that case. The property was offered at auction but was withdrawn, and thereafter the auctioneer received a written offer from the defendant who put up the usual “10 per cent cash deposit.”
In Etta Contracting Co. v. Bruning, 134 La. 48, 63 So. 619, 622 the Supreme Court discussed the facts of the Collins case in detail and came to the following conclusion:
“The judgment, in sustaining an exception of no cause of action, appears to us to have been authorized, but we are of opinion that there was error in assigning, as a reason therefor, that the defendant in the case was, under the circumstances disclosed by the petition, to be viewed in the light of a purchaser at auction, and not as a vendee,, or proposed vendee, in a conventional contract of sale, or promise to sell.”
For the foregoing reasons the judgment appealed from is affirmed, all costs of both courts to he borne by the appellant, Cecil B. Pettepher.
We find no reason to assess penalties and damages for frivolous appeal and the same are denied.
Affirmed.