HALL, Judge.
This suit involves the alleged breach by defendant of a written contract whereby defendant agreed to sell to plaintiff a certain parcel of land situated in St. Charles Parish “free and clear of all liens, mortgages or other encumbrances.” Plaintiff alleges that defendant failed to tender him a title free of encumbrances in that the property was incumbered by four gas pipeline servitudes belonging to United Gas Pipeline Company. Plaintiff demanded the return of his $500.00 deposit which was refused. He thereupon filed this suit seeking to recover the $500.00 deposit plus an equal amount as liquidated damages *512 plus an additional amount of $600.00 consisting of $250.00 for title examination, and $350.00 for attorney’s fees for the filing and prosecution of this suit.
The case was tried by both parties apparently on the theory that in view of LSA-C.C. Art. 2515 it was encumbent upon plaintiff to prove the non-apparenc servitudes with which the property was encumbered would have interfered with the use to which plaintiff intended to put the property. Practically the entire record is devoted to testimony on this point.
In his written “Reasons for Judgment” the Trial Judge quoted LSA-C.C. Art. 2515 and stated that he was of the opinion the article applied to contracts to sell as well as executed sales. He then found the non-apparent servitudes were of such importance that plaintiff would not have contracted had he been aware of the encumbrances and consequently plaintiff had the right to cancel the contract and demand the return of his $500.00 deposit but that the Codal Article 2515 negatived his right to recover more.
In accord with his “Reasons for Judgment” the Trial Judge rendered judgment in plaintiff’s favor for $500.00 plus interest and costs and denied plaintiff’s claim for attorney’s fees and damages. Plaintiff appealed. Defendant answered the appeal praying that the judgment be reversed insofar as it awarded any judgment in plaintiff’s favor.
The case was argued before us on the theory that the Codal Article 2515 is applicable thereto. This article reads as follows:
“Art. 2515. If the inheritance sold be incumbered with nonapparent servitudes, without any declaration having been made thereof, if the servitudes be of such importance that there is cause to presume that the buyer would not have contracted, if he had been aware of the incumbrance, he may claim the canceling of the contract, should he not prefer to have an indemnification.” (LSA-C.C. Art. 2515)
We are of the opinion that this article has no application to a case where, as here, the non-apparent servitudes were recorded and the agreement of sale provided for a clear title free of encumbrances. Consequently we are of the opinion that the case was tried and decided on an erroneous theory.
The facts are briefly as follows:
On November 15, 1963 plaintiff and defendant entered into a written agreement whereby plaintiff offered to purchase from defendant and defendant agreed to sell to plaintiff a certain described parcel of land situated in St. Charles Parish. Plaintiff made a $500.00 deposit in connection therewith. Pertinent provisions of this contract read as follows:
“Seller shall deliver unto Purchaser clear title to the above described property free and clear of all liens, mortgages or other encumbrances.

“In the event Purchaser fails to comply with this agreement within the time specified, Seller who has tendered Purchaser a title approved by Purchaser’s attorney, shall have the right to forfeit said deposit or to demand specific performance.
“In the event that Seller does not comply with this agreement within the time specified, Purchaser shall have the right to demand return of the deposit in full plus an equal amount as liquidated damages from Seller, together with all costs and reasonable attorney’s fees incurred by Purchaser, or Seller may demand specific performance, together with reasonable attorney’s fees and costs.” (emphasis supplied)
The contract stipulated that the act of sale was to be passed on or prior to De *513 cember 3, 1963. On November 30, 1963 the time for passage of the act was extended through December 18, 1963 by-means of a letter written by defendant to plaintiff who accepted and approved it in writing.
This letter reads in part as follows:
"It is understood that in extending the time for consummating the sale neither party waives any rights thereunder and that you as purchaser are not waiving any encumbrances, decets (sic), deficiencies or limitations or restrictions in the title which your attorney has or may hereafter discover during his examination of title to said property.
“Except as amended hereby all other terms, conditions and provisions of our agreement of November 15th, 1963 remain in full force and effect.”
Examination of the title by plaintiff’s attorney revealed that the property was encumbered by four recorded pipeline rights of way or servitudes which were owned and in use by United Gas Pipeline Company. On December 16, 1963 plaintiff addressed a letter to defendant in which he rejected the title to the property on account of these encumbrances and demanded the return of his deposit by December 20th otherwise he would file suit for the recovery of the deposit together with damages, costs and attorney’s fees. On the same date plaintiff wrote to Mr. John A. Mmahat, the notary designated by the contract to pass the act of sale, enclosing a copy of his letter to defendant and informing Mr. Mmahat that he had rejected the title and would not attend the sale which had been set by the notary for December 18, 1963 at 2:00 P.M.
The deposit was not returned to plaintiff and this suit was filed on December 17, 1964.
In our opinion defendant breached his contract by failing to deliver to plaintiff a “clear title * * * free and clear of all liens, mortgages and encumbrances.”
Defendant however contends that plaintiff after being informed of the encumbrances waived them by agreeing to an extension of time for the passage of the act of sale, citing Germain v. Weller, La.App., 67 So.2d 332. In that case the contract between the parties required the purchaser to accept a title “subject to title restrictions, if any.” The prospective purchaser, after having fully informed himself of all title restrictions affecting the property, requested and obtained an extension of time for passage of the act of sale. The Court held that by so doing the purchaser waived all right which he might have had to object to the restrictions. The Germain case, in our opinion, has no application here where the parties specifically agreed that the extension agreement did not constitute a waiver by plaintiff of any encumbrances, defects, or restrictions then known to plaintiff or thereafter discovered by him.
Defendant contends alternatively, should it be found that there was a breach by him of the purchase agreement, that such breach was a passive breach and plaintiff’s failure to put him in default prevents plaintiff from claiming liquidated damages. In our opinion a putting in default was unnecessary. It would have been a vain and useless thing because the circumstances were such that it would have been impossible for defendant to have secured a cancellation of the encumbering pipeline right of way servitudes and to have delivered plaintiff a title free and clear thereof. Three of the rights of way were in active use by United Pipeline Company; one for its 18" gas pipeline running from Baton Rouge to New Orleans, another for its 16" gas pipeline running from the Lirette field to Mobile and the third for a connecting link.
We are of the opinion that defend-ant breached his contract with plaintiff *514 and that under the terms of the contract plaintiff is entitled to the return of his deposit plus an equal amount as liquidated damages and is also entitled to “costs and reasonable attorney’s fees.” (See Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118; Poche v. Ruiz, 239 La. 573, 119 So.2d 469; Crow v. Monsell, La.App., 200 So.2d 700 at p. 703). However plaintiff is not, in our opinion, entitled to recover as “costs” any fee for title examination. The phrase “costs and reasonable attorney’s fees” used in the contract before us is restricted in our opinion to costs of Court and attorney’s fees incurred in the filing and prosecution of this suit. The expense incurred by plaintiff for a title examination is not a cost within the meaning of the contract but is an element of the damage suffered by plaintiff, and, since the contract provides a fixed amount as “liquidated damages” plaintiff is not entitled to more. While we are aware that title examination fees have been allowed in a number of cases we know of no case where such fees have been allowed where the contract provided for. liquidated damages.
We are of the opinion that $350.00 as attorney’s fees for filing and prosecuting this suit is reasonable and proper. We find no necessity for remanding the case for proof of the value of the sérvice rendered. (See LSA-C.C.P. Art. 2164).
For the foregoing reasons the judgment appealed from is amended in part and reversed in part and judgment is now rendered in favor of plaintiff and against defendant in the full sum of $1,350.00 (being double the deposit plus $350.00 as attorney’s fees) together with legal interest on said sum from date of judicial demand until paid and all costs of Court; all costs of appeal to be borne by defendant, Mrs. Josephine Palmisano Wohlert.
Amended in part, reversed in part and rendered.