LeSUEUR, Judge.
Mrs. Elizabeth Ann Sanders, wife of Carl E. Goodwin, and Byron H. Sanders, plaintiff and defendant, respectively, in this partition suit, have appealed a judgment against them in solido in favor of Robert C. Warren ordering the return of his deposit of $1,750.00 paid at public auction, together with legal interest from date of judicial demand until paid, the payment of $500.00 attorneys’ fees, and all costs of the proceedings.
On June 8, 1965 the Civil District Court for the Parish of Orleans rendered a judgment in a partition suit ordering the sale at public auction of Lot 23 in Square 919 “together with all the buildings and improvements thereon and the rights, ways, privileges, servitudes and appurtenances thereto”.
In accordance with the court’s order an advertisement was published in the local newspaper announcing a public auction of “One certain lot of ground, together with all the buildings and improvements thereon, and with the rights, ways, privileges, servitudes and appurtenances thereunto belonging or in anywise appertaining * * * ” going on to give the address and dimensions of the property “All in accordance with a plan of survey made by J. J. Krebs, C. E. and S., dated May 16th, 1952, * * * ”.
Mr. Robert C. Warren saw the advertisement and before attending the auction personally inspected the property mentioned in the advertisement on two occasions, walking around the property and in the alleyway between Lots 23 and 24, spending about thirty minutes on each occasion, or a total of about one hour at the site.
After his two inspections of the property, Mr. Warren attended the auction sale held on July 21, 1965 and bid $17,500.00 for the property. He was high bidder and the property was adjudicated to him upon his depositing $1,750.00, 10% of the purchase price, with the auctioneer with the balance of the purchase price due and payable at the time the act of sale was to be passed.
Prior to passage of the act of sale, the purchaser informed the court appointed notary that the title to the property was not merchantable and refused to attend the act of sale. He enumerated the following defects in the title as his reasons for finding that the title was not merchantable :
1. A recorded servitude of common alley bearing against the property in conjunction with Lot 24;
2. A roof overhang of approximately one foot over the property line running the length of the property on the side adjacent to Lot 24;
3. A fence encroachment on the property subject to the sale varying from 0" in the front to about three to four inches in the rear running the length of the property on the side adjacent to Lot 22;
4. The improvements on the property in question are violative of the zoning code of the City of New Orleans in that the house is not set back from the front line of the property the 10' required.
(Not at issue in this action is an encroachment of Lot 23 on the property directly to its rear.)
After Warren refused to accept title to the property, a second court order was obtained ordering the sale of the property at public auction. The property was subsequently sold on March 9, 1966, to a third party for $15,000.00. The advertisement for this sale contained the additional information not contained in the original advertisement:
“Servitude of common alley, registered in COB 659, folio 78, Parish of Orleans, and which bears against the adjudicated property. Roof overhang of approximately 1 foot running the entire length *729 of the property on the side adjacent to Lot 24, Sq. 919, as will appear by reference to survey of Adloe Orr, Jr. and Associates dated May 3rd, 1960. Fence encroachment of approximately 3 to 4 inches running the entire length of the property on the side line adjacent to Lot 22, Sq. 919, as will likewise appear by reference to plan of survey of Adloe Orr, Jr. and Associates dated May 3rd, 1960.”
Warren filed suit seeking a return of his deposit of $1,750.00, damages in the amount of $1,750.00, plus costs and attorneys’ fees. Judgment was granted, without written reasons, for the return of the deposit, costs and attorneys’ fees. Plaintiff and defendant had filed recon-ventional demands against Warren for the deficiency in price resulting from the second auction and for costs, but these demands had been dismissed by a previous judgment dated November 9, 1965, and which was not appealed and these demands are not considered by this court.
The appellants urge that the alleged defects in title complained of by Warren are not defects and that the title as tendered was merchantable.
The first defect in the title alleged by Warren is the recorded servitude of common alley. In Norgren v. Harwell, 172 So.2d 723 (La.App. 4th Cir. 1965), a 50-foot wide servitude for power lines ran along the boundary between the highway and the property for sale which restricted the use of the 50-foot wide area both as to buildings and access roads. Defendant-purchaser intended to use the property for a subdivision and inspected the property in advance, noticing the power lines at that time. Defendant inquired of the seller’s agent about the existence of a servitude affecting access and was told that it would not affect access. Relying on this assurance defendant signed a purchase agreement. After the purchase agreement was signed, defendant became aware of the provisions of the servitude while researching the boundary lines at the courthouse and refused to accept title because of the restrictive provisions of the servitude. This court held:
“* * * that Springwood Park Inc. was justified in refusing to take title to the property. See Germain v. Weller, La.App., 67 So.2d 332; Stauss v. Kober, La.App., 51 So.2d 121. The vendors were never in a position to deliver what the purchaser bargained for, that is to say 138 acres as per a plat which did not reveal the servitude. The mere fact that Harwell had noticed the transmission line poles was no notice that crossing the right of way was restricted in any manner. * * * ”
In duTreil v.. Wohlert, 210 So.2d 511 (La.App. 4th Cir. 1968), defendant agreed to sell plaintiff a certain parcel of land situated in St. Charles Parish “free and clear of all liens, mortgages or other encumbrances”. After signing a purchase agreement, plaintiff’s examination of title revealed four recorded pipeline servitudes. This court held that the title defendant tendered was not a “clear title * * * free and clear of all liens, mortgages and encumbrances”, and that defendant had breached the purchase agreement.
Based on the foregoing, we find that the recorded servitude of common alleyway was a defect in the title, especially in light of the advertisement by an incorrect survey. This servitude affected the use of the property and restricted the purchaser’s use to conform with the desires of his neighbor. According to Warren, prior knowledge of this restricted use would have tempered his purchase of the property.
Having thus determined that there is at least one defect in the title to Lot 23, we do not have to consider the other defects alleged, as the one proven is sufficient basis for Warren to refuse title.
Warren, as the trial court decreed, is entitled to a return of his deposit but not to double his deposit. In Pettepher *730 v. Pailet, 172 So.2d 337 (La.App. 4th Cir. 1965), this court stated:
“The precise point in question was presented to our predecessor court in Merenda v. Clesi, Orleans Appeals No. 8602 (1924) unreported. In that case Judge Claiborne as organ of the Court said:
‘It was urged in argument that the deposit made by an adjudicatee at an auction sale is earnest money. No authority was produced for this proposition. We do not believe it is correct. Earnest money is given to bind a mere promise of sale. C.C. 2463 (2438) says: “But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise and etc.” The adjudication at auction is not merely a promise of sale it is a complete sale and the deposit is a payment on account of the price. C.C. 2608 (2586): “The adjudication is the completion of the sale; the purchaser becomes the owner of the article adjudged, and the contract is, from that time, subjected to the same rules which govern the ordinary contract of sale” [Succession of Massey], 46 A. 126 [15 So. 6].’” '
The next issue that requires discussion is the award of attorneys’ fees to Warren in the amount of $500.00.
 There was no written contract of sale between Warren and plaintiff or defendant, hence there is no express contractual basis for this award. Nor are we aware of any statutory basis for attorneys’ fees resulting from the failure of a sale at public auction. This position is similar to the case of Williams v. Meyer, 29 So.2d 599 (Ct.App. Orleans 1947), in which this court stated:
“Counsel contends that Meyer is entitled to recover from Mr. and Mrs. Williams the sum of $300 allegedly expended by him for the fees of his attorney for the examination of title to the property and for the prosecution of this suit. We are cognizant of no authority, and have not been directed to any, which supports the proposition contended for, and the lower court correctly disallowed such claim.”
Counsel for Warren claims that attorneys’ fees as an item of damages are authorized under LSA-C.C. Arts. 1934 and 2610, alleging that the act of sale was not passed due to the fault, negligence, fraud or bad faith of the plaintiff and defendant. We find no basis in this argument and reverse the trial court on its award of attorneys’ fees.
For the foregoing reasons, the judgment of the trial court is amended to delete the attorneys’ fees award and, as amended, affirmed. Costs of this appeal are to be borne by appellants.
Amended and, as amended, affirmed.